UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                              )
                                    )       Case No. 18-10543-TBM
RAYMOND S. GIBLER                   )
SSN: XXX-XX-2659                    )       Chapter 11
                                    )
Debtor.                             )

**MOTION TO SELL PROPERTY FREE AND CLEAR OF ALL LIENS,
CLAIMS, AND ENCUMBRANCES PURSUANT TO BANKRUPTCY
CODE SECTIONS 363(b) and 363(f)**
**(Pontiac Street Property)**

Raymond S. Gibler ("Debtor" or "Gibler"), by and through his attorneys, Kutner Brinen, P.C., moves the Court pursuant to 11 U.S.C. § 363, Federal Rules of Bankruptcy Procedure 2002, 6004, and 9014, and Local Rules of Bankruptcy Practice and Procedure 2001-1 and 6004-1, for entry of an Order approving a Contract to Buy and Sell Real Estate and authorizing the Debtor to sell his property located at 8201 Pontiac Street, Commerce City, CO, and as grounds therefore states as follows:

## I. JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Colorado has jurisdiction over this matter and over property of the Debtor and his bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

3.      The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on January 26, 2018, and remains a debtor-in-possession.

4.      The Debtor owns various real properties, as well as a 100% interest in All-State Fire Protection, Inc., a Chapter 11 Debtor in Case No. 17-15844-TBM.

5.      The Debtor seeks approval of the sale of his real property at 8201 Pontiac St., Commerce City, Colorado (the "Pontiac Property").

### A. **The Pontiac Property**

6. The Pontiac Property consists of 6.58 acres on which there is a 1,000 square foot structure that can be used as a home/storage/office facility, a small barn, numerous horse pins, and an outdoor horse arena. The Debtor is party to a month-to-month lease with Florencio Florez ("Tenant"), who occupies the house, owns the personal property on the Pontiac Property, and owns and operates a horse boarding business. Tenant pays Debtor rent of $6,500 per month, and Debtor, as landlord, is responsible to pay property taxes and insurance in the total amount of approximately $1,800 per year.

7. Gibler is familiar with the Pontiac Property and other real property in the same area, and believes that the current value is between $800,000 and $900,000.

### B. **The Sale Contract**

8. On March 19, 2018, the Debtor entered into a Contract to Buy and Sell Real Estate (Land) (the "Sale Contract"). A copy of the Sale Contract is attached hereto and incorporated herein as Exhibit A. The Sale Contract includes a legal description of the Pontiac Property.

9. Pursuant to the Sale Contract, the Debtor will convey the Pontiac Property to George J. Nicholls III ("Buyer") for $900,000 (the "Purchase Price").

10. The terms of the Sale Contract provide for an earnest money deposit of $25,000 and total cash at closing of $300,000. Following are the contingencies in the Sale Contract:

   a) Current tenant executing a new lease with Buyer on terms acceptable to the Buyer;
   b) Seller cooperating on requirements for Buyer's Section 1031 exchange;
   c) Financing on terms acceptable to Buyer; and
   d) Obtaining Bankruptcy Court approval.

11. The Contract also provides that the Pontiac Property will be transferred in an "as is" condition. The Buyer has waived any right to due diligence, including the right to inspect the Property, conduct environmental testing, and obtain a survey.

12. The proposed closing date for the purchase is May 2, 2018, and the Buyer and Debtor will each pay one-half of the closing costs.

### III. RELIEF REQUESTED

13. The Debtor is seeking Court authorization to close on the sale of the Pontiac Property pursuant to 11 U.S.C. § 363.

A.     **Authorization Under 11 U.S.C. § 363 and Sound Business Purpose**

14.     Section 363(b) of the Bankruptcy Code provides authority for a trustee and, through the application of Bankruptcy Code section 1107(a), a debtor-in-possession, "after notice and a hearing, [to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).   Further, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

15.     The Bankruptcy Court's power to authorize a sale under section 363(b) is to be exercised at the Court's discretion.  *In re WPRV-TV, Inc.*, 983 F.2d 336, 340 (1st Cir. 1993); *New Haven Radio, Inc. v. Meister (In re Martin-Trigona),* 760 F.2d 1334, 1346 (2d Cir. 1985); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983).

16.     Courts have authorized a sale of a debtor's assets pursuant to section 363(b) of the Bankruptcy Code or in the absence of a reorganization plan where there is a "sound business purpose." *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *Titusville Country Club v. Penn Bank (In re Titusville Country Club)*, 128 B.R. 396 (Bankr. W.D.Pa. 1991); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc*., 77 B.R. 15 (Bankr. E.D.Pa. 1987).  *See also, Stephens Indus., Inc. v. McClune*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corp*., 722 F.2d at 1071 (setting forth the "sound business purpose" test in the context of a sale of assets under section 363(b) of the Bankruptcy Code).

17.     There is a sound business reason for the sale of the Pontiac Property.  The All-State and Gibler Chapter 11 cases are significantly inter-related since Gibler guaranteed most of the debts of All-State.  Thus, the success of the All-State case is important to the success of the Debtor's case. This sale will benefit both estates, as it eliminate substantial debt in this case and in the All-State Chapter 11 case.  Not only will the sale eliminate substantial debt, but it will also afford the Debtor capital that will assist with his reorganization.  After payment is made to the creditors secured by the Pontiac Property, the Debtor estimates that he will receive net proceeds of approximately $250,000, all of which will be deposited into his Debtor-in-Possession account.

18.     The Purchase Price is fair and reasonable.  The Buyer recently sold real estate in Lamar, Colorado and is seeking to effectuate an exchange pursuant to Section 1031 of the Internal

Revenue Code. Gibler and the Buyer are acquainted, as the Buyer is an attorney who has handled certain discrete legal work for Gibler and All-State. Knowing that Gibler is knowledgeable about real estate, Buyer contacted to Gibler to ask about any real estate for sale and to obtain a recommendation for a commercial realtor. Gibler proposed that the Buyer consider purchasing the Pontiac Property, and their communication resulted in the attached Sale Contract. As a result, there is no realtor involved, the Debtor is obtaining what he believes is an excellent value for the Pontiac Property, the Buyer has waived any right of inspection, and the Debtor will save approximately 6% of the purchase price.

19. Although the parties to the Sale Contract are professionally acquainted, the Buyer is not an insider, as defined by 11 U.S.C. §101(31), and the Buyer is not a creditor in this case or the All-State case.

B. **Satisfaction of 11 U.S.C. § 363(f)**

20. The Debtor requests that the sale of the Pontiac Property be free and clear of all liens, claims, and encumbrances. Pursuant to 11 U.S.C. § 363(f), a debtor may sell property "free and clear of any interest in such property of an entity other than the estate, only if – . . . (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property[.]"

21. The Purchase Price is substantially higher than the aggregate value of all liens on the Pontiac Property. Accordingly, the sale of the Pontiac Property free and clear of any liens, claims, and encumbrances is appropriate pursuant to 11 U.S.C. § 363(f)(3).

22. Additionally, 11 U.S.C. § 363(f) provides that a debtor may sell property "free and clear of any interest in such property of an entity other than the estate, only if – . . . (5), such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." In this case, each entity that hold liens against the Pontiac Property could be compelled to accept a money satisfaction of its interest.

C. **Liens on the Pontiac Property**

23. In order of priority, the Pontiac Property is encumbered as follows:

    a) Deed of Trust ("First DOT") in favor of Colorado Business Bank ("CoBiz") recorded on May 15, 2008. The First DOT secures a promissory note in the original principal amount of $342,897.59 plus interest. As of the date of this Motion, the current

        balance owed to CoBiz is $169,266.33 as of March 16, 2018, plus $40.93 per diem. This lien will be paid from the sale proceeds at closing.

    b) Deed of Trust ("Second DOT") in favor of National Sprinkler Industry Welfare Fund ("NASI") recorded on February 24, 2016. The Second DOT secures a promissory note in the original principal amount of $390,704.07 plus interest. The Debtor has been in settlement discussions with NASI, and has not yet reached an agreement with respect to the amount due. However, NASI agrees that the maximum amount it will claim as secured against the Pontiac Property is $415,384.21. NASI's lien will attach to the sale proceeds pending further order of the Court.

    c) A judgment lien recorded on November 13, 2017, in favor of NASI in the amount of $784,124.83, which includes the amount due on the Second DOT. Therefore, the amount owed to NASI that is secured by its judgment lien will not increase the total secured claim as set forth in subparagraph b above. This lien will attach to the sale proceeds pending further order of the Court.

    d) A judgment lien in favor of American Contractors Indemnity Company in the amount of $106,509.70 recorded on November 27, 2017. The current balance due is approximately $110,220. This judgment lien will attach to the sale proceeds pending further order of the Court.

24. There is a leasehold interest in the Pontiac Property, which is a month-to-month lease. Although the Debtor has the right to terminate that lease, a contingency of the Sale Contract is that the Buyer enter into a new lease with the current tenant. Upon information and belief, the Buyer and tenant have tentatively agreed to terms for a new lease to be executed at closing. Therefore, the proposed of the Pontiac Property is not free and clear of an unexpired lease.

    **D.**     **Good Faith Under 11 U.S.C. § 363(m)**

25. Section 363(m) of the Bankruptcy Code provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

26. The proposed sale is one done in "good faith" and "for value." The sale does not involve any insiders and the Debtor believes he is obtaining an excellent price for the Pontiac Property.

27. The proposed sale is the product of arms-length negotiations. An auction is not contemplated, as the Debtor believes that the Purchase Price is reasonable, the Buyer has waived any right of inspection or other due diligence, and there is no brokerage fee. The Debtor is familiar with the Pontiac Property and neighboring area, and believes that in an "as is" condition, the amount of $900,000 is comparable to, or higher than, fair market value.

### E. Suspension of 14-Day Stay Under Fed.R.Bankr.P. 6004(h)

28. The Debtor further requests suspension of the operation of the fourteen (14) day stay under Fed.R.Bankr.P. 6004(h). If there are no objections to this Motion and the fourteen (14) day stay period is suspended, the parties will be in a position to close on May 2, 2018 in accordance with the terms of the Sale Contract.

### CONCLUSION

WHEREFORE, the Debtor prays that the Court make and enter an Order: a) authorizing the Debtor to sell the Pontiac Property pursuant to the Sale Contract; b) authorizing such sale free and clear of all liens, claims, interests, and encumbrances; c) authorizing the Debtor to pay from the sale proceeds without further order of the Court the secured debt owed to CoBiz Bank d/b/a Colorado Business Bank; d) that the liens against the Pontiac Property held by National Sprinkler Industry Welfare Fund and American Contractors Indemnity Company shall attach to the sale proceeds until further order of the Court; e) suspending the fourteen (14) day stay of the sale; and f) for such further and additional relief as the Court deems just and proper.

DATED: March 27, 2018

Respectfully submitted,

By: _/s/ Jeffrey S. Brinen_
Jeffrey S. Brinen, #20565
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, Colorado 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-10543-TBM |
| RAYMOND S. GIBLER ) | |
| SSN: XXX-XX-2659 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**NOTICE OF MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b) and 363(f)**
**(Pontiac Street Property)**

**OBJECTION DEADLINE: APRIL 17, 2018**

**YOU ARE HEREBY NOTIFIED** that the Debtor has filed a Motion to Sell Property Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363, and requests the following relief: entry of an Order authorizing the Debtor to sell his real property at 8201 Pontiac St., Commerce City, CO ("Property") pursuant to the terms and conditions of the Contract to Buy and Sell Real Estate (Land) ("Sale Contract") between the Debtor and George J. Nicholls III. The Sale Contract is attached to the Motion as Exhibit A. The sale price is $900,000, an amount sufficient to pay all claims in full that are secured by the Property. The terms of the Sale Contract provide for an earnest money deposit of $25,000, total cash at closing of $300,000, and conveyance of the Pontiac Property in an "as is" condition. Any right to due diligence, including the right to inspect the Property and obtain a survey, is waived. The Sale Contract has the following contingencies: i)Tenant execute a new lease with Buyer on terms acceptable to the Buyer; ii) Seller cooperation on requirements for a Section 1031 exchange; iii) Financing on terms acceptable to Buyer; and iv) Bankruptcy court approval. Closing is scheduled for May 2, 2018. The Buyer is an attorney who has handled certain discrete legal work for Gibler and All-State, but is not an insider pursuant to 11 USC § 101(31). Sale of the Pontiac Property will result in payment of substantial debt and is in the best interest of the Debtor, its estate, and its creditors. The Debtor requests sale of the Property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f)(3), a finding of good faith pursuant to 11 USC § 363(m), and a suspension of the operation of the 14- day stay under Fed.R.Bankr.P. 6004(h). The total purchase price is substantially higher than the aggregate value of all liens against the Property. The Debtor has further requested a waiver of the fourteen (14) day stay pursuant to Fed.R.Bankr.P. 6004(h). A copy of the pleading is available for inspection in the Bankruptcy Court Clerk's Office, 721 -19th Street, First Floor, Denver, Colorado 80202, or upon request from the undersigned attorney.

If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections. In the absence of a timely and substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

DATED: March 27, 2018                Respectfully submitted,

By: _/s/ Jeffrey S. Brinen_____
Jeffrey S. Brinen, #20565
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: jsb@kutnerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 18-10543-TBM
RAYMOND S. GIBLER )
SSN: XXX-XX-2659 ) Chapter 11
)
Debtor. )

**ORDER GRANTING MOTION TO SELL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b), (f), and (m)**

THIS MATTER is before the Court on the Debtor's Motion to Sell Property Free and Clear of Liens, Claims, and Encumbrances Pursuant to Bankruptcy Code Sections 363(b) and 363(f) (the "Sale Motion").[1] The Debtor seeks Court approval of a Sale Contract dated March 15, 2018 between the Debtor, as seller, and George J. Nicholls III, as buyer (attached to the Sale Motion as Exhibit A), thereby authorizing the sale of the Debtor's real property situated at 8201 Pontiac Street, Commerce City, Colorado 80022 (the "Pontiac Property"). The Debtor asserts that he has provided proper notice to all creditors and parties in interest and no objection was filed.

Pursuant to the Sale Motion, the Debtor requested the Court to enter an order, *inter alia*:

    i.    Approving the Sale Contract for the sale of the Pontiac Property;

    ii.    Approving the sale of the Pontiac Property to George J. Nicholls III;

    iii.    Authorizing such sale free and clear of all liens, claims, interests, and encumbrances;

    iv.    Authorizing the Debtor to pay from the sale proceeds without further order of the Court the total debt owed to CoBiz Bank d/b/a Colorado Business Bank that is secured by the Pontiac Property;

    v.    That the liens against the Pontiac Property held by National Sprinkler Industry Welfare Fund shall attach to the sale proceeds until further order of the Court;

    vi.    That the liens against the Pontiac Property held by American Contractors

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Sale Motion.

        Indemnity Company shall attach to the sale proceeds until further order of the Court;

  vii. Waiving the 14-day stay that would otherwise apply to this Order pursuant to Fed. R. Bankr. P. 6004(h); and

  viii. Granting such additional relief as the Court deems just and proper.

The Court has considered the Sale Motion, and based upon that consideration,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

 A. The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(a) and 1334;

 B. Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O);

 C. The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004;

 D. As set forth in the Certificate of Service filed with this Court in connection with the Sale Motion, notice of the hearing on the approval of the Sale Motion was duly served on all parties entitled to notice, including each entity known to the Debtor to assert a lien, encumbrance, leasehold, or other interest in the Pontiac Property;

 E. Notice of the Sale Motion was adequate and appropriate, and no further notice need be given;

 F. The legal and factual bases set forth in the Sale Motion and the record in this case establish just cause for the relief requested therein, and such relief is in the best interests of the Debtor's estate, its creditors, and all other parties in interest in this case;

 G. Under all of the circumstances in this case, the purchase price and other terms of the Sale Contract are fair and reasonable;

 H. The Buyer is unrelated to the Debtor and the Sale Contract was negotiated and has been undertaken by the Debtor and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of 11 U.S.C. § 363(m), and, as a result of the foregoing, the Debtor's estate and the Buyer are entitled to the protections of 11 U.S.C. § 363(m);

 I. The total consideration provided by the Buyer for the Pontiac Property constitutes fair

consideration under any applicable law;

J. With respect to each creditor or other entity asserting a lien, lease, or other interest in the Pontiac Property, one or more of the standards set forth in 11 U.S.C. § 363(f) has been satisfied;

K. Entry into the Sale Contract and consummation of the sale contemplated thereby constitute the exercise by the Debtor of sound business judgment, and such acts are in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and

L. Time is of the essence in consummating the sale to maximize the value of the assets of the Debtor's estate and to promptly distribute proceeds to certain of the lienholders and, accordingly, there is cause to lift the stay contemplated by Fed. R. Bankr. P. 6004(h)

**THEREFORE**, **IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED with respect to the Pontiac Property;

2. No objections were filed with respect to the Sale Motion.

3. The purchase price of $900,000 is reasonable and the sale of the Pontiac Property is approved according to the terms of the Sale Contract.

4. The Debtor is authorized to effectuate the transfer of the Pontiac Property to the Buyer pursuant to the Sale Contract. Such transfer shall be, and is hereby deemed to be, a legal, valid, and effective transfer of the Pontiac Property, and vests with, or will vest in, the Buyer all right, title, and interest of the Debtor and the Debtor's estate in the Pontiac Property. The Debtor is authorized to execute instruments of transfer necessary or appropriate to effectuate the transfer.

5. Subject to closing of the sale and payment of the purchase price, the sale of the Pontiac Property to the Buyer shall be free and clear of any and all liens claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), with such liens to attach to the net sale proceeds in the same amount, validity, priority, enforceability, avoidability, and extent as existed prior to the sale.

6. The Debtor is authorized and directed to pay from the sale proceeds any pre- and post-petition outstanding real estate taxes, and all other ordinary and customary costs of closing.

7. The Debtor is authorized and directed to pay the amount constituting full satisfaction of CoBiz d/b/a Colorado Business Bank's secured claim secured by a first-priority lien on the Pontiac Property.

8. The Debtor, on behalf of the Debtor's estate, shall enjoy all possessory, ownership, and other rights in the Pontiac Property until the closing of the sale of the Pontiac Property.

9. The Debtor is authorized to execute such documents and to undertake such other actions as are reasonably necessary or appropriate to complete the sale of the Pontiac Property.

10. This Court shall and hereby does retain jurisdiction to (i) resolve any disputes, controversies, or claims arising out of or relating to the Agreement or the sale contemplated thereby, and (ii) interpret, implement, and enforce the provisions of this Order.

11. The validity of the sale approved hereby shall not be affected by the appointment of a trustee, the dismissal of the above-captioned case, or its conversion to another chapter under the Bankruptcy Code.

12. Notwithstanding any provision in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure (including Fed. R. Bankr. P. 6004(h)) to the contrary: (i) the terms of this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order

13. The balance of funds shall remain in trust pending further order of the Court;

14. The Purchaser under the Sale Contract is a buyer in good faith and subject to the provisions of 11 U.S.C. § 363(m); and

15. Pursuant to Fed.R.Bankr.P. 6004(h), the fourteen (14) day stay is hereby suspended, and this Order is effective immediately.

Dated: April __, 2018

_____
Honorable Thomas B. McNamara
United States Bankruptcy Judge